UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMONDA SUTTER, et al.,             Case No. 1:20-cv-974
    Plaintiffs,                                       Litkovitz, M.J.

vs.

AMERICAN FAMILY                         ORDER
INSURANCE COMPANY,
    Defendant.

Plaintiffs Raymonda and Larry Sutter bring this action alleging underinsured coverage, breach of contract, bad faith, and loss of consortium causes of action against defendant American Family Insurance Company ("American Family") stemming from an automobile accident that occurred on October 26, 2018. (Doc. 3). This matter is before the Court on defendant's motion to bifurcate the bad faith cause of action and stay discovery (Doc. 19), plaintiffs' response in opposition (Doc. 22), and defendant's reply memorandum (Doc. 23).

**I. Factual allegations**

Plaintiffs make the following factual allegations in the complaint: On October 26, 2018, plaintiffs, husband and wife, were involved in a car accident in Warren County, Ohio when a vehicle driven by Donald Hicks ("Hicks") crossed into plaintiffs' lane of travel causing a head-on collision. (Doc. 3 at PAGEID 18-19). Plaintiff Raymonda Sutter ("Raymonda") suffered temporary and permanent injuries as a result of the accident. (*Id*. at PAGEID 19).

Raymonda was insured by defendant American Family, an insurance company licensed to do business in Ohio. (*Id*.). Plaintiff was up to date on her insurance payments at the time the automobile accident occurred. (*Id*. at PAGEID 19, 22). Defendant's insurance policy included underinsured motorist's coverage with limits of $100,000.00 per person. (*Id*. at PAGEID 19). Hicks' insurance policy included a limit of $25,000.00 for bodily injury/liability coverage. (*Id*.).

Raymonda's injuries, however, exceeded the coverage provided under Hicks' liability insurance policy. (*Id*. at PAGEID 20).

On April 7, 2020, Raymonda demanded $25,000.00 from Hicks' insurance company for bodily injury/liability coverage. (*Id*. at PAGEID 19). Hicks' insurance company agreed to tender the $25,000.00 per person in bodily injury/liability coverage in exchange for a release of all claims against Hicks. (*Id*.). On May 4, 2020, Raymonda informed defendant of Hicks' insurance company's offer and advised defendant in writing that she wished to accept this offer and proceed with an underinsured claim through defendant. (*Id*. at PAGEID 19-20).

The next day, however, defendant advised Raymonda that it would not exercise its option to advance the settlement amount Hicks' insurance company had offered and would take a reduction for medical expenses paid under the medical expense coverage from the underinsured motorist coverage. (*Id*. at PAGEID 20). Defendant told Raymonda that she could accept Hicks' insurance company's settlement offer. (*Id*.). On May 9, 2020, defendant demanded reimbursement from Hicks' insurance company for the $5,000.00 in medical expenses it paid on behalf of Raymonda. (*Id*.). Plaintiff alleges that "as a result of [defendant's] contrary positions, [plaintiff] has been delayed in signing a release with [Hicks' insurance company] and receiving the settlement funds." (*Id*.).

Raymonda provided copies of her medical records, bills, photographs of the accident, and other relevant documents to defendant to properly evaluate her demand for an underinsured motorist's claim. (*Id*.). Despite timely confirming receipt of Raymonda's email, defendant subsequently sent an email to Raymonda stating it had not yet received the supporting documents outlined in the policy limits demand claim. (*Id*. at PAGEID 21). Raymonda, through counsel, advised defendant that she had already sent the requested documents. Raymonda again sent all

the supporting documents to defendant. (*Id*.). Defendant acknowledged receipt of this email and the supporting documents. (*Id*.).

Thereafter, on June 11 and July 6, 2020, defendant refused to make a settlement offer, advised Raymonda that it had no underinsured motorist exposure, and closed its underinsured motorist file because Raymonda "was made whole with the $25,000.00 policy limits settlement" by Hicks' insurance company. (*Id*.). Plaintiffs allege that defendant failed to tender the amount requested by Raymonda and failed to offer a fair and reasonable settlement to resolve her underinsured motorist's claim. (*Id*. at PAGEID 21, 22). Plaintiffs additionally allege that defendant failed to "promptly, adequately, and reasonably investigate the facts and circumstances of the subject collision including the severity of Raymonda's damages [and] the necessity of plaintiff['s] medical treatment and the reasonableness of her damages." (*Id*. at PAGEID 22).

On these facts, plaintiff Raymonda Sutter alleges underinsured coverage, breach of contract, and bad faith causes of action. Plaintiff Larry Sutter alleges a loss of consortium claim as a result of the automobile accident that occurred on October 26, 2018. (*Id*. at PAGEID 23). Plaintiffs seek "compensatory damages relating to the breach of contract [cause of action] as well as punitive damages against defendant [] for the bad faith and failure of good faith in the handling of [Raymonda's] claim, including costs, prejudgment interest and attorney fees." (*Id*.).

**II. Motion to bifurcate and stay discovery (Doc. 19)**

**A. The parties' positions**

American Family asks the Court to bifurcate plaintiffs' bad faith cause of action from the insurance coverage portion of the case pursuant to Fed. R. Civ. P. 42(b) and to stay discovery relating to plaintiffs' bad faith cause of action until the underinsured motorist coverage claim is

resolved. (Doc. 19). American Family contends that bifurcation "is necessary to avoid prejudice . . . in the preparation and presentation of its defenses to the contractual bodily injury claims in this case and to conserve judicial resources." (*Id*. at PAGEID 69). American Family specifically alleges that "it cannot simultaneously prepare and present a defense to both the UIM [underinsured motorist] and the bad faith claims if it has to turn over all its file materials and also allow opposing counsel to probe American Family's assessments, strengths and weaknesses, valuations and strategies for defending the case." (*Id*. at PAGEID 70).

Plaintiffs argue in opposition that American Family has not met its burden to justify bifurcation or a stay of discovery under Fed. R. Civ. P. 42(b). (Doc. 22). Plaintiffs argue that American Family "has only made a general assertion of prejudice that is not sufficient to bifurcate the trial and stay discovery." (*Id*. at PAGEID 97). In support, plaintiffs cite two recent Southern District of Ohio cases where the defendant insurance company made arguments similar to those made by American Family but to no avail. (*Id*.) (citing *Pryor v. State Farm Mut. Auto. Ins. Co*., No. 1:16-cv-312, 2017 WL 354228 (S.D. Ohio Jan. 23, 2017); *Curry v. State Farm Mut. Auto. Ins. Co*., No 2:19-cv-4469 (S.D. Ohio May 7, 2020)).

American Family argues that neither *Pryor* nor *Curry* are binding on the Court and "having access to the aforementioned information will give Plaintiffs an unfair advantage in [the] contractual claim because Plaintiffs will have access to Defendant's evaluations of Ms. Sutter's claims, and information concerning any relevant defenses." (*Id*. at PAGEID 102-03). American Family further argues that "litigation will be prolonged" if its motion for bifurcation and to stay discovery is not granted because plaintiffs "will likely file a Motion to Compel, which Defendant will oppose [and] [t]he Court will have to rule upon the Motion, and will be forced to conduct an in camera inspection of the documents Plaintiffs are seeking." (*Id*. at PAGEID 104).

### B. Law on bifurcation

In a federal action, the question of bifurcation of claims "is a procedural, and not substantive, matter. . . ." *Pryor*, 2017 WL 354228, at *2. Therefore, Federal Rule of Civil Procedure 42 governs whether bifurcation is appropriate in this case. *Id*. *See also Oster v. Huntington Bancshares*, No. 2:15-cv-2746, 2017 WL 3208620, at *2 (S.D. Ohio Jul. 28, 2017) (holding that bifurcation is a procedural matter under Fed. R. Civ. P. 42(b) as opposed to, and despite the existence of, Ohio Rev. Code § 2315.21(B)(1)); *Excel Direct, Inc. v. Nautilus Ins. Co.*, No. 2:16-cv-446, 2017 WL 127480, at *1 (S.D. Ohio Jan. 13, 2017). Fed. R. Civ. P. 42(b) provides:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). The decision to bifurcate claims and stay discovery "[i]s within the Court's sound discretion and should be based on the particular circumstances of each case." *Excel Direct, Inc.*, 2017 WL 127480, at *1. "Bifurcation is reserved for exceptional cases." *Oster*, 2017 WL 3208620, at *2. "[T]he party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010).

### C. Resolution

American Family asks the Court to bifurcate plaintiffs' bad faith cause of action from the insurance coverage portion of the case to prevent the disclosure of "American Family's assessments, strengths and weaknesses, valuations and strategies for defending the case." (Doc. 19 at PAGEID 70). American Family specifically asserts that failing to bifurcate the claims will

cause it prejudice because it would have "to divulge and share with Plaintiff[s] its privileged material as to the strengths, weaknesses, and valuations of his claim." (*Id*. at PAGEID 75).

Although American Family asserts that it will be prejudiced without bifurcation of the claims, "[a] mere assertion of prejudice is insufficient—'a defendant must make a specific showing that the discovery will prejudice its defense.'" *Excel Direct, Inc*., 2017 WL 127480, at *2 (citing *Wolkosky v. 21st Century Centennial Ins. Co*., No. 2:10-cv-439, 2010 WL 2788676, at *4 (S.D. Ohio Jul. 14, 2010)). *See also Woods*, 2010 WL 1032018, at *3 (holding that "[a] defendant cannot rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required"). Previous decisions from this Court guide the undersigned's decision in this matter.

In *Excel Direct, Inc*., the defendant insurance company filed a motion to bifurcate and stay discovery of a bad faith claim. *Excel Direct, Inc*., 2017 WL 127480, at *1. The insurance company argued that bifurcation was necessary to prevent disclosure of prematurely protected and privileged materials. *Id*. at *2. In denying the motion for bifurcation, the Court held that the insurance company failed to make a specific showing of prejudice to its defense, but rather relied on mere assertions that the alleged discovery would prejudice its defense. *Id*. Similarly, in *Pryor*, the Court denied the defendant's motion for bifurcation because the defendant did not present the court with "*specific* information related to judicial economy, potential prejudice, or convenience to the parties to suggest that bifurcation is required[.]" *Pryor*, 2017 WL 354228, at *3 (emphasis in original). The Court denied the motion for bifurcation because it was only supported by "generalized objections and no specific showing of prejudice." *Id*. *See also Carpenter v. Liberty Ins. Corp*., No. 3:17-cv-228, 2017 WL 6055118 (S.D. Ohio Dec. 7, 2017) (denying the insurance company's motion to bifurcate "because it d[id] not indicate how

6

revealing its evaluation of Plaintiffs' claim for benefits w[ould] hinder its ability to defend against Plaintiffs' breach-of-contract claim").

As in the above-referenced cases, American Family has not met its burden of proof to justify bifurcation. Without articulating specific facts showing prejudice, defendant speculates that plaintiffs could obtain "privileged material as to the strengths, weaknesses, and valuations of [the] claim." (Doc. 19 at PAGEID 75; *see also* Doc. 23 at PAGEID 103-04). Further, defendant has made no showing relating to judicial economy or convenience to the parties as contemplated in Fed. R. Civ. P. 42.

Defendant also asserts that bifurcation is necessary because an insurer cannot be found to have acted in bad faith if there is no coverage for the underlying claim. (Doc. 19 at PAGEID 75). However, "a defendant may not rely on the mere possibility that resolution of the coverage issue may preclude plaintiff's bad faith claim." *Woods*, 2010 WL 1032018, at *3. This reason alone does not outweigh the judicial economy and convenience of allowing discovery to proceed on both the bad faith and the insurance coverage causes of action simultaneously.

## III.  Conclusion

The Court finds that bifurcation and a stay of discovery on the bad faith cause of action is not warranted at this stage of the proceedings. American Family's assertion of prejudice lacks the specificity and particularity necessary to sustain its burden of proof. The issues of whether there is underinsured motorist coverage under the insurance policy and whether defendant denied coverage in bad faith arise out of the same set of facts and are closely intertwined. To bifurcate the issues would neither expedite this litigation nor promote judicial economy. The Court therefore exercises its discretion to deny American Family's motion to bifurcate and stay discovery at this time. The Court will reconsider this issue if it appears after the completion of

discovery that defendant will suffer legal prejudice in the event the coverage and bad faith claims are tried together.[1]

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's motion to bifurcate and stay discovery (Doc. 19) is **DENIED**.

Date: 10/6/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[1] Nothing in this decision prevents defendant from challenging the production of privileged materials under the Federal and Local Rules at an appropriate time. *See Johnson v. Starr Indem. & Liab. Co*., No. 3:20-cv-237, 2021 WL 2555477, at *3 (S.D. Ohio June 22, 2021).