UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMONDA SUTTER, et al.,
    Plaintiffs,

Case No. 1:20-cv-974
Litkovitz, M.J.

vs.

AMERICAN FAMILY
INSURANCE COMPANY,
    Defendant.

ORDER

Plaintiffs Raymonda and Larry Sutter bring this action alleging underinsured coverage, breach of contract, bad faith, and loss of consortium claims against defendant American Family Insurance Company ("American Family") stemming from an automobile accident that occurred on October 26, 2018. (Doc. 3). This matter is before the Court on plaintiffs' motion to compel defendant's claims handling policies and procedures for underinsured motorist coverage claims and employee compensation and incentive information (Doc. 33)[1], defendant's memorandum in opposition (Doc. 37), plaintiffs' reply memorandum (Doc. 40), defendant's motion for a protective order (Doc. 32), plaintiffs' memorandum in opposition (Doc. 36), and defendant's reply memorandum (Doc. 45).

**I. Factual allegations**

The complaint alleges the following facts. Plaintiffs were involved in an automobile accident on October 26, 2018, when a vehicle driven by Donald Hicks ("Hicks") crossed into plaintiffs' lane of travel causing a head-on collision. (Doc. 3 at PAGEID 18-19). Plaintiff Raymonda Sutter ("Raymonda") suffered temporary and permanent injuries as a result of the accident. (*Id*. at PAGEID 19).

---

[1] Plaintiffs' and defendant's initial motions (Docs. 30, 31) were refiled (Docs. 32, 33) to comply with the requirements of S.D. Ohio Civ. R. 5.1. Both documents are identical in substance.

Raymonda was insured by defendant American Family, and the insurance policy included underinsured motorist ("UIM")'s coverage with limits of $100,000.00 per person. (*Id*. at PAGEID 19). Hicks' insurance policy included a limit of $25,000.00 for bodily injury/liability coverage. (*Id*.). Plaintiffs allege that Raymonda's injuries exceeded the coverage provided under Hicks' liability insurance policy, and Hicks was an underinsured driver as that term is defined in American Family's insurance policy. (*Id*. at PAGEID 20).

On April 7, 2020, Raymonda demanded $25,000.00 from Hicks' insurance company for bodily injury/liability coverage. (*Id*. at PAGEID 19). Hicks' insurance company agreed to tender the $25,000.00 per person in bodily injury/liability coverage in exchange for a release of all claims against Hicks. (*Id*.). On May 4, 2020, Raymonda informed American Family of Hicks' insurance company's offer and advised American Family in writing that she wished to accept this offer and proceed with an underinsured claim through American Family. (*Id*. at PAGEID 19-20).

On May 5, 2020, American Family advised Raymonda that it would not exercise its option to advance the settlement amount Hicks' insurance company had offered and would take a reduction for medical expenses paid under the medical expense coverage from the underinsured motorist coverage. (*Id*. at PAGEID 20). American Family told Raymonda that she could accept Hicks' insurance company's settlement offer. (*Id*.).

On May 8, 2020, Raymonda provided copies of her medical records, bills, photographs of the accident, and other relevant documents to American Family to properly evaluate her demand for an underinsured motorist's claim. (*Id*.). Despite timely confirming receipt of Raymonda's email, American Family on June 2, 2020, sent an email to Raymonda stating it had not yet received the supporting documents outlined in the policy limits demand claim. (*Id*. at PAGEID

21). Raymonda, through counsel, advised American Family that she had already sent the requested documents. Raymonda again sent all the supporting documents to American Family. (*Id*.). American Family acknowledged receipt of this email and the supporting documents. (*Id*.).

On May 9, 2020, American Family demanded reimbursement from Hicks' insurance company for the $5,000.00 in medical expenses it paid on behalf of Raymonda. (*Id*.).

On June 11 and July 6, 2020, American Family denied plaintiffs' UIM claim, finding Raymonda "was made whole with the $25,000.00 policy limits settlement" by Hicks' insurance company. (*Id*.). Plaintiffs allege that American Family failed to tender the amount requested by Raymonda and failed to offer a fair and reasonable settlement to resolve her underinsured motorist's claim. (*Id*. at PAGEID 21, 22). Plaintiffs additionally allege that American Family failed to "promptly, adequately, and reasonably investigate the facts and circumstances of the subject collision including the severity of Raymonda's damages [and] the necessity of plaintiff['s] medical treatment and the reasonableness of her damages." (*Id*. at PAGEID 22).

On October 22, 2020, plaintiffs file suit in the Warren County Court of Common Pleas alleging claims of underinsured coverage, breach of contract, and bad faith on behalf of Raymonda Sutter and loss of consortium on behalf of Larry Sutter. (Doc. 1-1). The case was removed to this federal court on December 2, 2020. (Doc. 1).

**II. Standard of review**

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "'Relevant evidence' is broadly defined as evidence that 'has any tendency to make a fact more or less probable than it

would be without the evidence. . . .'" *Stewart v. Neil*, No. 1:16-cv-1056, 2021 WL 1192741, at *4 (S.D. Ohio Mar. 30, 2021) (citing Fed. R. Evid. 401(a)).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3). In a motion to compel, the movant "bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). *See also Hunter v. Shield*, No. 2:18-cv-1097, 2020 WL 6484055, at *2 (S.D. Ohio Nov. 4, 2020) (same). The Court must balance the need of a party to access the information necessary to establish its claim or defense and overly broad requests that amount to a fishing expedition. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

### III. Resolution

On January 4, 2022, the Court held an informal telephone discovery conference. (*See* 01/04/2022 docket entry; Doc. 28). The Court ordered plaintiffs to file a motion to compel pertaining to their discovery requests for defendant's Claims Handling Policies & Procedures and Employee Compensation & 401k Plan Information by Tuesday, January 25, 2022. (Doc. 28). The Court further ordered defendant to file its motion for protective order, if any, by Tuesday, January 25, 2022. (*Id.*). Plaintiffs and defendant complied with the Court's order. (Docs. 32, 33). The parties have briefed the issues, and the pending motion to compel and motion for a protective order are ripe for resolution.

Plaintiffs filed a motion to compel American Family's "(1) Claims Handling Policies and Procedures for UIM Claims and (2) Employee Compensation & Incentive Information." (Doc. 33 at PAGEID 336). Plaintiffs argue that both "categories of information are relevant and not

4

privileged, and are thus discoverable." (*Id*.). American Family filed a motion for a protective order arguing that plaintiffs "are not entitled to conduct any discovery, written or by deposition, regarding American Family's claims handling policies, procedures, and/or training manuals." (Doc. 32 at PAGEID 277). American Family also seeks a protective order regarding its employee compensation and incentive information which was requested in plaintiffs' "Requests for Production of Documents Nos. 28 and 29." (*Id*.).

### A. Claims handling policies and procedures for UIM claims

Plaintiffs assert that American Family has failed to provide complete production of records pertaining to American Family's "Claims Handling Policies and Procedures for UIM Claims." (Doc. 33).[2] Plaintiffs argue that these documents, "comprised of 'training manuals, and materials from training sessions pertaining to claims handling'" are "relevant to the UIM, breach of contract and bad faith claims in this case." (*Id*. at PAGEID 338, quoting *Id*., Ex. P). Plaintiffs "seek claims-handling materials . . . in order to determine what reasonable justification, if any, motivated Defendant's denial of Plaintiffs' UIM claim." (Doc. 36 at PAGEID 659, citing *Zoppo v. Homestead Ins. Co*., 644 N.E.2d 397 (Ohio 1994)). Plaintiffs argue that the sought-after documentation "would be relevant to whether Defendant's coverage decision was 'predicated upon circumstances that furnish reasonable justification.'" (*Id*. at PAGEID 659, 661).

American Family seeks a protective order "to the effect that Plaintiffs are not entitled to conduct any discovery, written or by deposition, regarding American Family's claims handling

---

[2] The Court notes that plaintiffs have failed to specify which specific request or requests for production encompasses these documents. Instead, plaintiffs generally argue that the claims handling policies and procedures for UIM claims "are relevant to the breach of contract and bad faith claims in this case." (Doc. 33). However, in American Family's motion for a protective order, American Family identifies plaintiffs' Requests for Production of Documents Nos. 21, 26, 32, 34, 35, 36, 37, 38, and 39 as the specific requests for production concerning "the claims handling policies, procedures, and training manuals. . . ." (Doc. 32 at PAGEID 281; *see also* Doc. 45 at PAGEID 792-93).

policies, procedures, and/or training manuals." (Doc. 32 at PAGEID 277). American Family objects to plaintiffs' requests for these items on the basis that "they are not relevant to any party's claim or defense in this case; they will not be admissible at trial; and they will not lead to admissible evidence." (*Id*. at PAGEID 281).[3] American Family also argues that the sought-after documentation is not relevant to plaintiffs' claims under Ohio Admin. Code § 3901-1-54, entitled, "Unfair property/casualty claims settlement practices [UCSPA]," because this provision cannot be used to establish bad faith. (*Id*. at PAGEID 282). American Family further argues that plaintiffs' discovery requests are overly broad and unduly burdensome. (*Id*. at PAGEID 286-87).

The Court finds that American Family's claims handling policies and procedures are relevant and discoverable under Fed. R. Civ. P. 26(b)(1). "Ohio law imposes a duty on insurance companies to act in good faith when handling an insured's claim. An insurance company acts in bad faith when it denies a claim without reasonable justification to support that decision." *Winter Enters., LLC v. W. Bend Mut. Ins. Co*., No. 1:17-cv-360, 2021 WL 4193213, at *14 (S.D. Ohio Sept. 15, 2021) (citing *Hoskins v. Aetna Life Ins. Co*., 452 N.E.2d 1315, 1319 (Ohio 1983), and *Zoppo*, 644 N.E.2d at 400, respectively). *See also Maxey v. State Farm Fire & Cas. Co*., 689 F. Supp. 2d 946, 953 (S.D. Ohio 2010). Courts have determined:

> Denial of a claim is not reasonably justified when it is done arbitrarily and capriciously. *See Hoskins,* 6 Ohio St.3d at 277, 452 N.E.2d at 1320; *Thomas v. Allstate Ins. Co.,* 974 F.2d 706, 711 (6th Cir.1992). However, denial of a claim may be reasonably justified when "the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim." *Tokles & Son v. Midwestern Indemn. Co.,* 65 Ohio

---

[3] To the extent American Family objects to plaintiffs' requests for production on the basis that the documentation "will not be admissible at trial" (Doc. 32 at PAGEID 281), this argument is without merit. The scope of discovery under the Federal Rules "is traditionally quite broad[,]" *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 402 (6th Cir. 1998) (citing *Mellon v. Cooper-Jarrett, Inc*., 424 F.2d 499, 501 (6th Cir. 1970)), and Rule 26 acknowledges that "[i]nformation within this scope of discovery *need not be admissible in evidence to be discoverable*." Fed. R. Civ. P. 26(b)(1) (emphasis added).

St.3d 621, 630, 605 N.E.2d 936, 943 (1992); *Maxey v. State Farm Fire & Cas. Co.*, 689 F.Supp.2d 946, 953 (S.D. Ohio 2010). "The test, therefore, is not whether the defendant's conclusion to deny benefits was correct, but whether the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial." *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir. 1992).

*Corbo Properties, Ltd v. Seneca Ins. Co.*, 771 F. Supp. 2d 877, 887 (N.D. Ohio 2011). Bad faith may be found where an insurer failed to adequately investigate a claim and ignored information that would tend to support the insured's claim, *Zoppo*, 644 N.E.2d at 400; when a denial decision is "made without consideration of or regard for facts, circumstances, fixed rules, or procedures," *Marshall v. Colonial Ins. Co.*, No. 15 MA 0169, 2016 WL 7290968, at *8 (Ohio Ct. App. Dec. 9, 2016) (citing Black's Law Dictionary (10th ed. 2014)); by an insurer's "foot-dragging" in the handling or evaluation of a claim (even if a claim is ultimately paid), *Toman v. State Farm Mut. Auto. Ins. Co.*, No. 102483, 2015 WL 4979577, at *6 (Ohio Ct. App. Aug. 20, 2015); or where an insurer makes an unreasonably low settlement offer under the facts of a particular case where there is a dispute over the value of the claim, *Mundy v. Roy*, No. 2005-CA-28, 2006 WL 522380 (Ohio Ct. App. Mar. 3, 2006).

Courts have recognized that training and policy manuals are relevant in determining whether an insurance company lacked a "reasonable justification" when investigating a UIM claim by misinterpreting, or not abiding by, the written policy provisions. Policy and training manuals may assist in answering the question of whether something other than a genuine dispute as to the value of the claim can be attributable to the assessment or denial of the claim. *See United States Roller Works, Inc. v. State Auto Prop. & Cas. Ins. Co.*, No. 3:16-cv-2827, 2018 WL 4095058, at *2 (M.D. Tenn. Aug. 28, 2018). "If, for example, an insurer claims that a dispute existed with regard to the valuation of a certain injury, but its actions are inconsistent with its own procedures for dealing with disputes of the type alleged, a reasonable juror could

7

consider that inconsistency as suggestive of—though not, necessarily, conclusive evidence of—bad faith." *Id*. Likewise, "a claims manual could be relevant if it requires an adjustor to take certain investigative steps before adjusting a claim and plaintiff can show that these steps were deliberately omitted." *Platt v. Fireman's Fund Ins. Co.*, No. 11-4067, 2011 WL 5598359, at *2 (E.D. Pa. Nov. 16, 2011) (quoting *Kaufman v. Nationwide Mut. Ins. Co.*, No. CIV. A. 97-1114, 1997 WL 703175, at *2 n.2 (E.D. Pa. Nov. 12, 1997)). *See also Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, No. 19-4016, 2021 WL 229400, at *3 (E.D. Pa. Jan. 22, 2021) (finding training materials relevant to plaintiffs' bad faith claim because "they may show, inter alia, 'that agents of an insurance company recklessly disregarded standard interpretations of a particular contractual provision in denying coverage or deliberatively omitted certain investigatory steps'") (quoting *McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04-cv-01068, 2004 WL 2743420, at *8 (E.D. Pa. Nov. 29, 2004)). "Although the fact that [the insurance company's] employees departed from established standards in handling plaintiff's UIM claim would not alone establish bad faith," the insurance company's claims or procedure manuals were nevertheless relevant because such information was "probative evidence for plaintiff to demonstrate bad faith." *Kaufman*, 1997 WL 703175, at *2 n. 2. In this case, American Family's claims handling policies, procedures, and/or training manuals are relevant to determine whether American Family denied plaintiffs' UIM claim without reasonable justification to support its decision.[4]

However, the Court also finds that plaintiffs' requests as stated are overly broad and unduly burdensome. Plaintiffs' requests for production of documents are not limited by time,

---

[4] Insurance company claims and policy manuals are also relevant to a breach of contract claim to the extent there is an ambiguity in the contract requiring extrinsic evidence. *See U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-cv-13128, 2012 WL 1454008, at *9 (E.D. Mich. Apr. 26, 2012) ("[A]n insurance company's internal claims manual or claims processing guidelines may contain information relevant to resolving any ambiguities in the contract, such as the company's course of dealing or insurance industry practice.").

geography, or type of insurance claim. Therefore, the Court will limit plaintiffs' requests accordingly. American Family is **ORDERED** to produce any claims handling policies, procedures, and/or training manuals specifically related to its handling of uninsured/underinsured motorist claims in the State of Ohio for 2018, 2019, and 2020. To the extent that this documentation contains "confidential and propriety information related to American Family's internal processes for adjusting claims" (Doc. 32 at PAGEID 287), this information shall be produced subject to the agreed protective order previously entered in this matter. (Doc. 38).

To the extent American Family argues that Ohio Admin. Code § 3901-1-54, which governs unfair property/casualty claims settlement practices, bars discovery of its claims handling policies and procedures (Doc. 32 at PAGEID 281-84), the Court disagrees. American Family contends that plaintiffs seek its policy and training manuals to show its policies and procedures violated Ohio Admin. Code § 3901-1-54 and/or that American Family disregarded its policies or procedures in this case, neither of which is relevant to establishing bad faith under Ohio law. American Family is correct that Ohio Admin. Code § 3901-1-54 does not create a private cause of action, and a violation of the Code may not be considered as evidence of bad faith. *See Hastings Mut. Ins. Co. v. Mengel Dairy Farms, LLC*, 461 F. Supp. 3d 655, 665 n.3 (N.D. Ohio 2020), *aff'd sub nom.*, No. 20-4090, 2021 WL 3021919 (6th Cir. July 16, 2021); *Singh v. Ins. Co. of Pennsylvania*, No. 1:13-cv-411, 2013 WL 6009485, at *4 (S.D. Ohio Nov. 13, 2013); *Bolton v. State Farm Fire & Cas. Co.*, No. 3:16-cv-220, 2017 WL 5132732, at *16 (N.D. Ohio Nov. 6, 2017). However, plaintiffs' complaint does not allege a cause of action under Ohio Admin. Code § 3901-1-54. (Doc. 3). Moreover, as explained above, while a violation of the policies or procedures set forth in an insurance company's manuals cannot, in itself, establish bad faith, whether an adjuster ignored or failed to investigate a claim in

accordance with the insurance company's own policies and procedures may be evidence of bad faith and is relevant. *See United States Roller Works, Inc.*, 2018 WL 4095058, at *2; *Kaufman*, 1997 WL 703175, at *2 n.2. American Family has failed to present any authority, and the Court is not aware of any, that bars *discovery* of policy or procedural manuals under these circumstances. The Court therefore declines to grant a protective order on this basis.

### B. Employee compensation and incentive information

Plaintiffs assert that American Family has failed to provide complete production of records pertaining to American Family's "employee compensation and incentive information." (Doc. 33). The pertinent Requests for Production are as follows:

Request No. 28 provides:

Produce all documents in existence and/or in effect from January 1, 2018 to the present relating to, discussing, and/or memorializing compensation, bonus structure, and 401k matching for American Family Insurance adjuster/claims handlers and underwriters including any documents relating to, discussing, and/or memorializing the compensation and bonus structure criteria including 401k matching.

(Doc. 33, Ex. A). American Family objected to this request as follows:

American Family objects to this request as it is vague, ambiguous and overly broad as to the terms "bonus" and "incentive." Further, American Family objects to this request as it is overly broad in scope. For example, the request is not narrowly tailored to seeking the "bonus" or "incentive" information of those claim handlers that were directly involved in the handling of this individual claim. As American Family can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Further, the request seeks information that is neither relevant nor is it reasonably calculated to lead to the discovery of admissible evidence/neither relevant to the claims or defenses of a party nor proportional to the needs of the case as any such materials do not guide or direct claim handling procedure. This request also calls for information that would not be within the scope of discovery regarding Plaintiffs' underinsured motorist coverage claim. American Family states that it has filed a Motion to Bifurcate Plaintiffs' Bad Faith Claim and to Stay All Discovery as to the Plaintiffs'

bad faith claim which motion is presently pending before the court. American Family incorporates by reference that Motion as if fully set forth herein.[5]

(*Id*.).

Request No. 29 provides:

Any documents discussing, memorializing or relating to an explanation of the existence of and the criteria for any bonus and/or incentive plan (however named or denominated) for American Family Insurance's employees in the claims department[.]

(*Id*.). In response, American Family stated, "See Response to Request No. 28." (*Id*.).

Plaintiffs argue that "financial incentive information" is relevant "in order to determine what reasonable justification, if any, motivated Defendant's denial of Plaintiffs' UIM claim." (Doc. 36 at PAGEID 659). Specifically, plaintiffs contend that "financial incentive information" "would be relevant to whether Defendant's coverage decision was 'predicated upon circumstances that furnish reasonable justification.'" (*Id*., citing *Zoppo*, 644 N.E.2d 397).

American Family objects to the production of its employee compensation plans and incentive information because "these documents are not relevant. These documents are privileged, proprietary and confidential and have no bearing upon whether Plaintiffs' claim was 'fairly debatable,' which is the objective legal standard applicable to the bad faith claim." (Doc. 32 at PAGEID 287, 289).

At the outset, the Court is not persuaded that the employee compensation plans and incentive information have no bearing upon whether plaintiffs' claim was fairly debatable. As best the Court can discern, it appears that American Family requests a merits-based assessment, which is premature at this juncture because "[a] court does not consider the underlying merits of

---

[5] This Court previously denied American Family's motion to bifurcate the bad faith claim from the insurance coverage portion of this case and to stay discovery relating to plaintiffs' bad faith claim until the underinsured motorist coverage claim is resolved. (Doc. 24).

11

a [party's] claims in evaluating a motion to compel" and arguments directed at the merits of a party's claims should be addressed by way of dispositive motion or at trial and not during a discovery dispute. *Stafford v. Jewelers Mut. Ins. Co.*, No. 3:12-cv-50, 2012 WL 6568325, at *3 (S.D. Ohio Dec. 17, 2012) (citations omitted). *See also South Pointe Wholesale, Inc. v. Vilardi*, No. 1:17-cv-52, 2018 WL 1721936, at *3 (W.D. Ky. Apr. 9, 2018) ("the scope of a motion to compel . . . is confined to an evaluation of whether the discovery sought in relevant to a claim or defense"). Therefore, the Court declines to assess the actual merits of plaintiffs' bad faith claim at this juncture.

The Court finds that American Family's employee compensation plans and incentive information are relevant and discoverable under Fed. R. Civ. P. 26(b)(1). Courts have found employee compensation plans and incentive information relevant in determining the motivation underlying employees' actions in handling bad faith claims. *See Solano-Sanchez*, 2021 WL 229400, at *12 (finding "employee incentives to close out insureds' claims, or handle claims in a particular manner" relevant to bad faith claims). *See also Barnard v. Liberty Mut. Ins. Corp.*, No. 3:18-cv-1218, 2019 WL 461510, at *7 (M.D. Pa. Feb. 6, 2019) (citing *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 185 (E.D. Pa. 2004)). Courts have also recognized that employee incentive information and compensation plans are relevant in answering whether employees qualified for a monetary bonus, or other incentive, because of the manner in which the claim was handled, i.e., whether employees are rewarded financially for denying a certain number of claims or achieving a particular outcome with regard to claims handling. *See Lyon v. Bankers Life and Cas. Co.*, No. 09-5070, 2011 WL 124629, at *10 (D.S.D. Jan. 14, 2011) (citing *Pochat v. State Farm Mut. Auto. Ins. Co.*, No. 08-5015, 2008 WL 5192427, at *5 (D.S.D. Jan. 11, 2008)). *See also Perez v. Am. Fam. Ins. Co.*, No. C20-849, 2021 WL 928180, at *2 (W.D. Wash. Mar. 11,

2021). Accordingly, the Court finds that the documentation sought in plaintiffs' Request for Production Nos. 28 and 29 is relevant to plaintiffs' bad faith claim.

However, the Court also finds that plaintiffs' Requests for Production Nos. 28 and 29 as stated are overly broad and unduly burdensome. Therefore, the Court will limit plaintiffs' requests accordingly. American Family is **ORDERED** to produce any documents relating to or discussing employee bonus and/or incentive plans, compensation, bonus structure, and 401k matching for American Family adjusters, claims handlers, and underwriters who were directly involved in the handling of plaintiffs' claims in the State of Ohio for 2018, 2019, and 2020. To the extent that this documentation contains "confidential and propriety information related to American Family's internal processes for adjusting claims" (Doc. 32 at PAGEID 287), this information shall be produced subject to the agreed protective order previously entered in this matter. (Doc. 38).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' motion to compel defendant's claims handling policies and procedures for underinsured motorist coverage claims and employee compensation and incentive information (Doc. 33) is **GRANTED**. American Family is **ORDERED** to produce any claims handling policies, procedures, and/or training manuals specifically related to its handling of uninsured/underinsured motorist claims in the State of Ohio for 2018, 2019, and 2020. American Family is further **ORDERED** to produce any documents relating to or discussing employee bonus and/or incentive plans, compensation, bonus structure, and 401k matching for American Family adjusters, claims handlers, and underwriters who were directly involved in the handling of plaintiffs' claims in the State of Ohio for 2018, 2019, and 2020. To the extent that this documentation contains confidential and propriety information related to American Family's

internal processes for adjusting claims, this information shall be produced subject to the agreed protective order previously entered in this matter. (Doc. 38). American Family **SHALL** produce all discoverable material within **thirty (30) days** of the date of this Order.

2. American Family's motion for a protective order (Doc. 32) is **DENIED**.

Date: 5/20/2022

Karen L. Litkovitz
United States Magistrate Judge

14