UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMONDA SUTTER, et al.,            Case No. 1:20-cv-974
    Plaintiffs,                                    Litkovitz, M.J.

vs.

AMERICAN FAMILY                   ORDER
INSURANCE COMPANY,
    Defendant.

Plaintiffs Raymonda and Larry Sutter bring this action alleging underinsured coverage, breach of contract, bad faith, and loss of consortium claims against defendant American Family Insurance Company ("American Family") stemming from an automobile accident that occurred on October 26, 2018. (Doc. 3). This matter is before the Court on plaintiffs' motion to compel defendant's claim file (Docs. 34, 35)[1], defendant's memorandum in opposition (Doc. 39) and submission of the relevant documents to the Court for *in camera* review, and plaintiffs' reply memorandum (Doc. 46).

**I. Factual allegations**

The complaint alleges the following facts. Plaintiffs were involved in an automobile accident on October 26, 2018, when a vehicle driven by Donald Hicks ("Hicks") crossed into plaintiffs' lane of travel causing a head-on collision. (Doc. 3 at PAGEID 18-19). Plaintiff Raymonda Sutter ("Raymonda") suffered temporary and permanent injuries as a result of the accident. (*Id*. at PAGEID 19).

Raymonda was insured by defendant American Family, and the insurance policy included underinsured motorist ("UIM")'s coverage with limits of $100,000.00 per person. (*Id*. at

---

[1] Plaintiffs' initial motion (Doc. 34) was refiled (Doc. 35) to comply with the requirements of S.D. Ohio Civ. R. 5.1. Both documents are identical in substance.

PAGEID 19).  Hicks' insurance policy included a limit of $25,000.00 for bodily injury/liability coverage.  (*Id*.).  Plaintiffs allege that Raymonda's injuries exceeded the coverage provided under Hicks' liability insurance policy, and Hicks was an underinsured driver as that term is defined in American Family's insurance policy.  (*Id*. at PAGEID 20).

On April 7, 2020, Raymonda demanded $25,000.00 from Hicks' insurance company for bodily injury/liability coverage.  (*Id*. at PAGEID 19).  Hicks' insurance company agreed to tender the $25,000.00 per person in bodily injury/liability coverage in exchange for a release of all claims against Hicks.  (*Id*.).  On May 4, 2020, Raymonda informed American Family of Hicks' insurance company's offer and advised American Family in writing that she wished to accept this offer and proceed with an underinsured claim through American Family.  (*Id*. at PAGEID 19-20).

On May 5, 2020, American Family advised Raymonda that it would not exercise its option to advance the settlement amount Hicks' insurance company had offered and would take a reduction for medical expenses paid under the medical expense coverage from the underinsured motorist coverage.  (*Id*. at PAGEID 20).  American Family told Raymonda that she could accept Hicks' insurance company's settlement offer.  (*Id*.).

On May 8, 2020, Raymonda provided copies of her medical records, bills, photographs of the accident, and other relevant documents to American Family to properly evaluate her demand for an underinsured motorist's claim.  (*Id*.).  Despite timely confirming receipt of Raymonda's email, American Family on June 2, 2020, sent an email to Raymonda stating it had not yet received the supporting documents outlined in the policy limits demand claim.  (*Id*. at PAGEID 21).  Raymonda, through counsel, advised American Family that she had already sent the

2

requested documents. Raymonda again sent all the supporting documents to American Family. (*Id*.). American Family acknowledged receipt of this email and the supporting documents. (*Id*.).

On May 9, 2020, American Family demanded reimbursement from Hicks' insurance company for the $5,000.00 in medical expenses it paid on behalf of Raymonda. (*Id*.).

On June 11 and July 6, 2020, American Family denied plaintiffs' UIM claim, finding Raymonda "was made whole with the $25,000.00 policy limits settlement" by Hicks' insurance company. (*Id*.). Plaintiffs allege that American Family failed to tender the amount requested by Raymonda and failed to offer a fair and reasonable settlement to resolve her underinsured motorist's claim. (*Id*. at PAGEID 21, 22). Plaintiffs additionally allege that American Family failed to "promptly, adequately, and reasonably investigate the facts and circumstances of the subject collision including the severity of Raymonda's damages [and] the necessity of plaintiff['s] medical treatment and the reasonableness of her damages." (*Id*. at PAGEID 22).

On October 22, 2020, plaintiffs file suit in the Warren County, Ohio Court of Common Pleas alleging claims of underinsured coverage, breach of contract, and bad faith on behalf of Raymonda Sutter and loss of consortium on behalf of Larry Sutter. (Doc. 1-1). The case was removed to this federal court on December 2, 2020. (Doc. 1).

## II. Privilege log documents

American Family has withheld the production of several documents it asserts are protected by the attorney-client privilege and as work product. On January 24, 2022, the Court ordered American Family to provide an updated privilege log containing the claim file documents being withheld by American Family. The privilege log documents that plaintiffs now seek include the following:

| Bates No. | Description of Document and Asserted Privilege |
|---|---|
| 1 | Redacted - Claim log notes dated November 6, 10, and 30, 2020 regarding suit that had been filed. The November 6, 2020 note was generated by Ms. Cain upon reviewing the file after the lawsuit was filed. The November l0, 2020 note was generated by Constance Pollock, a Legal Assistant for American Family, and concerned the status of the claim after suit was filed. The November 30, 2020 note was generated by Brian White, a Claim Scanning Technician, and concerned sending a copy of the file to the Legal Department. These notes constitute work product/material prepared in anticipation of litigation because these notes were generated after suit was filed, because suit was filed. |
| 6-8 | Redacted - Claim log notes generated by Ms. Cain on June 9, 10 and 11, 2020, outlining opinions and analysis of Plaintiffs' UIM claim, and discussing value. These notes were prepared in response to the Demand, and were therefore prepared in anticipation of litigation. |
| 10 | Redacted - May 5, 2020 claim log note generated by Ms. Cain, documenting action taken with regard to investigation into Plaintiffs' claim following Plaintiffs' demand. Concerned difficulty performing a Lexis Nexis search because of an IP address problem. This note concerns activity performed in response to the Demand, and was therefore prepared in anticipation of litigation. |
| 11 | Redacted - May 5, 2020 claim log note generated by Ms. Cain, a Casualty Claims Adjuster. The note concerns evaluation of bodily injury claim performed after American Family received the aforementioned demands. This note constitutes material prepared in anticipation of litigation, and contains confidential evaluations of the value of Plaintiffs' claim. |
| 3055 | Withheld - Page 3055 is April 10, 2020 correspondence between Cheryl Christianson, Senior Adjuster, and attorney Ashley Dorocke, counsel for American Family, regarding the status of recovery of amounts paid under Medical Payments Coverage. Protected by the attorney-client privilege. |
| 3105-3106 | Withheld File Transmittal to Legal - These were documents prepared by Ms. Cain on November 6, 2020, after the subject lawsuit was filed by Plaintiffs. These documents are prepared by the Claims Adjuster for American Family's Legal Department once suit is filed, and are transmitted to the Legal Department. These documents contain American Family's impressions and thoughts as to the claims asserted by Plaintiffs in the subject lawsuit. These documents constitute work product/material prepared in anticipation of litigation because these documents are not generated unless suit is filed. |

### III. Plaintiffs' motion to compel documents alleged to be protected under the attorney-client privilege

The parties agree that Ohio law governs the attorney-client privilege issue in this case. In *Boone v. Vanliner*, 744 N.E.2d 154 (Ohio 2001), the Ohio Supreme Court examined "whether, in an action alleging bad faith denial of insurance coverage, the insured is entitled to obtain, through discovery, claims file documents containing attorney-client communications and work product that may cast light on whether the denial was made in bad faith." *Id*. at 156. The court recognized an exception to the attorney-client privilege for insurance claims file documents where the insured alleged a claim of bad faith denial of coverage:

> [W]e hold that in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, i.e., things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists.

*Id*. at 158. The Ohio Supreme Court reasoned that claims file documents relating to a claim of a bad faith denial of insurance coverage and generated before a denial decision are not worthy of protection under the attorney-client privilege. *Id*. *See also Unklesbay v. Fenwick*, 855 N.E.2d 516, 521 (Ohio Ct. App. 2006) ("claims-file materials showing an insurer's lack of good faith in processing, evaluating, or refusing to pay a claim are unworthy of the protection afforded by the attorney-client or work-product privilege").

The *Boone* exception to the attorney-client privilege for claims file information was examined by the Sixth Circuit in *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432 (6th Cir. 2009). In *Professionals Direct*, the Sixth Circuit upheld the trial court's decision to order production of all claims file documents that were created prior to the date of denial of coverage under the *Boone* exception to the attorney-client privilege. The Sixth Circuit rejected Professionals Direct's

5

argument that the court was required to examine each of the disputed documents individually to determine whether they contained evidence of bad faith and were "unworthy of protection" under *Boone*:

> Ohio courts have read *Boone* more broadly than Professionals Direct claims. The leading Ohio Court of Appeals case, *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 800 N.E.2d 757 (2003), read *Boone* to require the disclosure of all documents that "*may* cast light" on whether the insurer acted in bad faith. *Id.* at 763 (emphasis added); *see also Boone*, 744 N.E.2d at 156 ("The issue before us is whether, in an action alleging bad faith denial of insurance coverage, the insured is entitled to obtain, through discovery, claims file documents containing attorney-client communications and work product that *may cast light* on whether the denial was made in bad faith.") (emphasis added). This, we believe, is a reasonable application of *Boone*.

578 F.3d at 442 (citation and footnotes omitted).

This Court, in applying the *Boone* exception to a discovery dispute involving a bad faith denial of insurance coverage claim, stated that "[t]he critical issue is whether the documents 'may cast light' on whether the insurer acted in bad faith." *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-cv-1285, 2012 WL 1340369, at *4 (S.D. Ohio Apr. 17, 2012) (King, M.J.) (quoting *In re Prof'ls Direct Ins. Co.*, 578 F.3d at 442 (in turn quoting *Garg*, 800 N.E.2d at 763)). The Court in *Grange Mutual* noted that "Ohio courts prefer an *in camera* review of these documents before providing them to the opposing party" and ordered the defendant to produce the claims file documents for *in camera* review. *Grange Mut.*, 2012 WL 1340369, at *5. *See also Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. 2:06-cv-899, 2007 WL 1500899, at *5 (S.D. Ohio May 18, 2007); *Unklesbay*, 855 N.E.2d at 523; *The Scotts Co. v. Emp'rs Ins. of Wausau*, No. 14-04-51, 2005 WL 1939422, at *3 (Ohio Ct. App. 2005). The *Boone* exception "does not automatically permit discovery of everything contained in a claims file," such as documents created after the denial of coverage. *Zigler v. Allstate Ins. Co.*, No. 1:06-cv-2112, 2007 WL 1087607, at *2 (N.D. Ohio Apr. 9, 2007) (quoting *Unklesbay*, 855 N.E.2d at 522 and citing

*Boone*, 744 N.E.2d at 159). *See Unklesbay*, 855 N.E.2d at 523 (privileged claims file documents created after filing of a lawsuit but prior to receipt of insurance benefits which do not show bad faith in handling claims are not discoverable).

Plaintiffs contend that under *Boone*, the attorney-client privilege does not apply to support American Family's withholding of the April 10, 2020 correspondence between American Family counsel and a Senior Adjuster regarding the status of recovery amounts paid under the Medical Payments Coverage (Bates No. 3055) because the correspondence occurred more than two months prior to the UIM coverage decision and is not worthy of protection in plaintiffs' bad faith claim. American Family contends that the *Boone* exception to the attorney-client privilege does not apply in this case because this particular claims file document does not "cast light" on whether American Family acted in bad faith.

After an *in camera* review, the Court finds the correspondence at issue does not "cast light" on whether the denial of plaintiffs' UIM claim was made in bad faith. As the privilege log indicates, the subject matter of the correspondence concerns the status of recovery amounts paid under the Medical Payments Coverage provision of the insurance policy. The Court is unable to discern any information in the substance of this correspondence that would shed any light on the bad faith claim plaintiffs assert in this case. Therefore, the Court will not order production of this document.

**IV. Plaintiffs' motion to compel documents alleged to be protected as work product**

Federal, and not state, law governs the question of whether claims file documents are protected as work product. *In re Prof'ls Direct*, 578 F.3d at 438; *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) ("In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims."). With certain

7

exceptions, Rule 26(b)(3)[2] protects from disclosure all: (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Under Rule 26(b)(3), work product protection is not limited to attorneys, but has been extended to documents and tangible things prepared by or for the party and the party's representative, as long as such documents were prepared in anticipation of litigation. *Id. See Eversole v. Butler Cty. Sheriff's Office*, No. 1:99-cv-789, 2001 WL 1842461, at *2 (S.D. Ohio Aug. 7, 2001) ("Rule 26(b)(3) is not limited solely to attorneys" and "documents and things prepared by the party or his agent fall within the work product rule.") (citing 8 Wright & Miller, Federal Practice & Procedure, § 2024). Rule 26(b)(3) excludes from work product protection "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes." Advisory Committee Notes to the 1970 Amendments of Rule 26.

Whether a document has been prepared "in anticipation of litigation" and is protected work product depends on: "(1) whether that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Prof'ls Direct Ins. Co.*,

---

[2] Rule 26(b)(3) provides:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26.

578 F.3d at 439 (quoting *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006)). "If a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection, but the burden is on the party claiming protection to show that anticipated litigation was the 'driving force behind the preparation of each requested document.'" *Id.* at 439 (quoting *Roxworthy*, 457 F.3d at 595, 598-99) (internal citations omitted). The Sixth Circuit has stated:

> [A] party may satisfy its burden of showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories, and that the showing can be opposed or controverted in the same manner.

*Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (internal quotation marks and citations omitted). An affidavit claiming work product protection must be specific and detailed, and "application of the privilege will be rejected where the only basis for the claim is an affidavit containing conclusory statement[s]." *Id.*

Whether a party reasonably anticipated litigation at a particular point in time does not answer the question of whether a disputed document was prepared "because of" litigation. *In re Prof'ls Direct Ins. Co.*, 578 F.3d at 439. If the document was created as part of the ordinary business of a party and the ordinary business purpose was the "driving force" or impetus for creation of the document, then it is not protected by the work product doctrine. *Id.* (citing *Roxworthy*, 457 F.3d at 595). In determining whether a document has been prepared in anticipation of litigation, the Court examines the documents themselves and the context in which they were prepared. *Id.* See *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-cv-1285, 2012 WL 1340369, at *7 (S.D. Ohio Apr. 17, 2012); *In re OM Sec. Litig.*, 226 F.R.D. 579, 586 (N.D. Ohio 2005).

9

### A.  Bates No. 1 - Claim log notes for November 6, 10, and 30, 2020

Plaintiffs argue that the claim log notes for November 6, 10, and 30, 2020 should not be protected as work product.  Plaintiffs allege that American Family has not met its burden by affidavit, deposition evidence, or discovery responses showing the "driving force" behind the creation of the log notes was litigation as opposed to an ordinary business purpose.  (Doc. 35 at PAGEID 548).

The Court has reviewed *in camera* these claim log notes and finds the documents are protected as work product.  It is evident from the content, context and timing of the creation of the notes that they were generated in response to plaintiffs' October 22, 2020 filing of a complaint in state court.[3]  At the time these documents were created, suit had already been filed by plaintiffs.  Thus, any subjective anticipation of litigation would be objectively reasonable.  *In re Prof'ls Direct Ins. Co.*, 578 F.3d at 439.  The substance of the notes themselves indicate the driving force behind their creation was plaintiffs' lawsuit, and they were created in response to such lawsuit.  The Court declines to order the production of these documents.

### B.  Bates No. 6-8 - Claim log notes for June 9, 10 and 11, 2020

The privilege log identifies Bates Nos. 6-8 as claim log notes generated by Ms. Cain, an American Family claims adjuster, on June 9, 10 and 11, 2020, "outlining opinions and analysis of Plaintiffs' UIM claim, and discussing value."  (Doc. 35, Ex. S at PAGEID 642).  Plaintiffs contend American Family has failed to meet its evidentiary burden of showing these log notes are protected work product.  Plaintiffs allege that the privilege log notes reflect the adjuster's "discussing [the] value" of plaintiffs' uninsured motorist claim, which is a coverage decision that

---

[3] Even though defendant has not presented affidavits, deposition testimony, or other evidence to show these documents were created in anticipation of litigation, the Court is able to discern from the content, context, and timing of the claim log notes that they were created in response to plaintiffs' filing of a lawsuit.

10

is "part of the ordinary business of insurance." (*Id.*, quoting *In re Pros. Direct Ins. Co.*, 578 F.3d at 439). Plaintiffs further argue that the notes were generated in the three days leading up to the first denial of coverage on June 11, 2020, "thus weakening the notion that they were prepared in anticipation of litigation as opposed to for an ordinary business purpose (i.e. making coverage decisions)." (*Id*. at PAGEID 549, citing Ex. T).

The Court has reviewed *in camera* Bates Nos. 6-8, the claim log notes generated by American Family's claims adjuster on June 9, 10 and 11, 2020. The Court has also considered the context and timing of the creation of these notes. American Family's June 11, 2020 coverage decision on Raymonda Sutter's UIM claim was preceded by a May 5, 2020 demand letter from plaintiffs' counsel seeking policy limits on the UIM claim.

The May 5, 2020 demand letter purported to attach traffic and medical records and an index of medical expenses with bills. It discusses the liability of the tortfeasor, Mr. Hicks, the damages of Raymonda Sutter, and counsel's assessment of Mrs. Sutter's potential economic and non-economic losses. The letter states, "This is American Family's opportunity to fulfill its obligations to all parties, by avoiding future litigation, continued delay and financial hardship for our client, which is also your insured." (*Id.*, Ex. S at PAGEID 648). It ends with a paragraph entitled "Time Limit Demand," which provides in relevant part:

> Based on the information outlined for you above, we are demanding the policy limits applicable in this case. Your deadline to accept our demand is Friday, June 12, 2020. *If our demand is not met, we will not give you the opportunity to settle the case again in exchange for a release. We will immediately file suit with a bad faith claim* and push the case for an immediate trial date and obtain a verdict in excess of policy limits.

(*Id.*, Ex. S at PAGEID 641) (emphasis added).

The Court's *in camera* review of the claim log notes generated by Claims Adjuster Cain on June 9, 10 and 11, 2020, indicates the "driving force" behind the creation of the claim log

11

notes was plaintiffs' threat of litigation in the demand letter. The primary focus in deciding whether a document was created in anticipation of litigation is the reason or purpose for creating the document. Viewing the substance of the claim log notes and the timing of the notes in the context of plaintiffs' demand letter persuades the Court that the claim notes are protected work product. Plaintiffs' May 5, 2020 demand letter was written by retained counsel. The demand letter not only threatened the immediate filing of a lawsuit in the event UIM coverage was denied but also foreclosed the opportunity to settle the case in lieu of litigation. In addition, plaintiffs' May 5, 2020 letter gave American Family a strict time limit to accept the demand or be faced with the immediate filing of a lawsuit. The substance of the claims notes reflect that the impetus behind the creation of the notes was plaintiffs' demand letter, and the timing of the decision to deny UIM benefits was made in accordance with the specific deadline set by plaintiffs' demand letter. The Court's review shows these claim log notes were prepared "because of" American Family's subjective anticipation of litigation, which the Court determines was objectively reasonable in light of the specific threat of the "immediate[]" filing of a lawsuit in plaintiffs' demand letter. *In re Prof'ls Direct Ins. Co.*, 578 F.3d at 439. The fact that the notes also serve an ordinary business purpose, i.e., making a decision on a claim for UIM coverage, does not eliminate the work product protection for these claim log notes. *Id*. The Court will not compel production of these documents.

### C. Bates Nos. 10 & 11 - Claim log notes for May 5, 2020

The privilege log identifies Bates Nos. 10 and 11 as claim log notes generated by Claims Adjuster Cain on May 5, 2020, documenting the investigation into and evaluation of plaintiffs' UIM claim in response to plaintiffs' demand letter of that same date. (Doc. 35, Ex. S at PAGEID 642). For the reasons stated above in connection with Bates Numbers 6, 7, and 8, the Court finds

the claim log notes for May 5, 2020 (Bates Nos. 10 & 11) are protected work product. Reviewing the timing of the notes' creation and the substance of the notes, in the context of plaintiffs' demand letter, the Court is persuaded that the May 5, 2020 claim notes were created because of plaintiffs' counsel's demand letter threatening the immediate filing of a lawsuit if the demand of policy limits was not met. These claim notes were created in anticipation of litigation and are protected work product. These documents need not be produced.

### D. Bates Nos. 3105-3106 – November 6, 2020 file transmittal

Bates Numbers 3105-3106 consist of a File Transmittal to American Family's Legal Department prepared by Claims Adjuster Cain on November 6, 2020, after plaintiffs filed their lawsuit against American Family. (Doc. 35, Ex. S at PAGEID 643). The claims file note dated November 6, 2020 (Bates No. 1) indicates this transmittal was created by Ms. Cain in response to plaintiffs' lawsuit. The Court's *in camera* review of the substance and timing of the transmittal indicates the driving force behind its creation was plaintiffs' lawsuit. The transmittal references specific information about plaintiffs' case, the nature of the lawsuit, and American Family's evaluation thereof. It is apparent from the Court's review that these documents were prepared "because of" the pending lawsuit and therefore constitute protected work product. The Court will not compel production of these documents.

## V. American Family's renewed request for bifurcation and a stay of discovery

American Family renews its request to bifurcate the bad faith claim from the insurance coverage portion of this case and to stay discovery relating to plaintiffs' bad faith claim until the underinsured motorist coverage claim is resolved.[4] However, the Court has not ordered

---

[4] This Court previously denied American Family's motion to bifurcate the bad faith claim from the insurance coverage portion of this case and to stay discovery relating to plaintiffs' bad faith claim until the underinsured motorist coverage claim is resolved. (Doc. 24).

production of the single document for which American Family asserts the attorney-client privilege (Bates No. 3055) under the *Boone* exception, obviating any need for bifurcation or a stay of discovery. In addition, the remaining documents at issue are protected as work product under federal law, and the rule in *Boone*, which governs *state* law claims of work product, is inapplicable in a federal diversity case. *See Hoskins v. Liberty Mut. Grp., Inc.*, No. 2:19-cv-5441, 2020 WL 7201111, at *3 (S.D. Ohio Dec. 4, 2020) ("Plaintiffs overlook an important limitation of *Boone*: It applies to Defendant's assertions of attorney-client privilege but not work product.") (citing *Zigler*, 2007 WL 1087607, at **2-4). Therefore, American Family's request is denied.

## VI. Conclusion

For the reasons set forth above, plaintiffs' motion to compel defendant's claim file (Docs. 34, 35) is **DENIED**.

Date: 5/20/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge